James Lee Turner, Katherine L. Haden, Julia Bowen Stern, Assistant US Attorneys, Houston, TX, for Plaintiff–Appellee.

Roland E. Dahlin, II, Federal Public Defender, Brent Evan Newton, Assistant Federal Public Defender, Houston, TX, for Defendant–Appellant.

Before JOLLY, JONES, and SMITH, Circuit Judges.

PER CURIAM.*

Bryain C. Wilson was found guilty following a bench trial of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). He argues that the district court's original order suppressing evidence of the firearms was correct and should be reinstated. Wilson concedes that his argument is foreclosed under the law of the case doctrine by this court's decision in *United States v. Wilson,* 306 F.3d 231, 237 (5th Cir.2002) (holding that the evidence was admissible and va-

cating district court's order suppressing the evidence). He raises the claim solely to preserve the issue for possible further review.

The Government has moved for a summary affirmance in lieu of filing an appellee's brief. In its motion, the Government asks that an appellee's brief not be required. The unopposed motion is GRANTED. The judgment of the district court is AFFIRMED.

AFFIRMED; MOTION GRANTED.

■

**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Fernando ORTIZ–DUARTES, also
known as Eduardo Ramos–Lira,
Defendant–Appellant.**

No. 03–11304.
Conference Calendar

United States Court of Appeals,
Fifth Circuit.

DECIDED: April 21, 2004.

Jeffrey Robert Haag, US Attorney's Office, Lubbock, TX, for Plaintiff–Appellee.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Douglas A. Morris, Federal Public Defender's Office, Dallas, TX, for Defendant–Appellant.

Before JOLLY, JONES, and SMITH, Circuit Judges.

PER CURIAM:*

Fernando Ortiz–Duartes appeals the sentence imposed following his guilty plea conviction of being found in the United States after deportation/removal in violation of 8 U.S.C. § 1326. Ortiz–Duartes argues that the prior conviction that resulted in his increased sentence is an element of a separate offense under 8 U.S.C. § 1326(b) that should have been alleged in his indictment. He argues that his sentence exceeds the term of imprisonment which may be imposed under 8 U.S.C. § 1326(a).

In *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), the Supreme Court held that the enhanced penalties in 8 U.S.C. § 1326(b) are sentencing provisions, not elements of separate offenses. The Court further held that the sentencing provisions do not violate the Due Process Clause. *Id.* at 239–47, 118 S.Ct. 1219. Ortiz–Duartes acknowledges that his argument is foreclosed by *Almendarez–Torres,* but asserts that the decision has been cast into doubt by subsequent Supreme Court decisions, including *Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). He seeks to preserve his argument for further review.

*Apprendi* did not overrule *Almendarez–Torres. See Apprendi,* 530 U.S. at 489–90, 120 S.Ct. 2348; *United States v. Dabeit,* 231 F.3d 979, 984 (5th Cir.2000). This court must follow *Almendarez–Torres* "un-less and until the Supreme Court itself determines to overrule it." *Dabeit,* 231 F.3d at 984 (internal quotation marks and citation omitted). The judgment of the district court is AFFIRMED.

The Government has moved for a summary affirmance in lieu of filing an appellee's brief. In its motion, the Government asks that an appellee's brief not be required. The motion is GRANTED.

AFFIRMED; MOTION GRANTED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.